ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT |
| **COUNTY OF RICHLAND** | Case No.: 2020-CP-40-_____ |
| **MARILYNN WOODS TUCKER,** | |
| Plaintiff, v. | **SUMMONS** |
| **TARGET CORPORATION,** | |
| Defendant. | |

YOU ARE HEREBY SUMMONED and required to appear and defend the action(s) set forth in the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer on Plaintiff's attorney at Spann Wilder Law, LLC, 2131 Dorchester Rd., Post Office Box 70488, N. Charleston, South Carolina 29415, within thirty (30) days after the service thereof, exclusive of the day of such service.

YOU ARE HEREBY GIVEN NOTICE FURTHER that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the said Complaint.

**SPANN WILDER LAW, LLC**

By: /s/ Tiffany R. Spann-Wilder
**Tiffany R. Spann-Wilder**
2131 Dorchester Rd (29405)
PO Box 70488
N. Charleston, SC 29415
(843) 266-7792
(843) 266-7797, facsimile

North Charleston, South Carolina

June 29, 2020

ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>MARILYNN WOODS TUCKER,<br><br>Plaintiff,<br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br><br>Case No.: 2020-CP-40-_____<br><br><br>**COMPLAINT**<br>(**JURY TRIAL REQUESTED**) |

The Plaintiff, **MARILYNN WOODS TUCKER** (hereinafter referred to as Plaintiff), complaining of the above-named Defendant, **TARGET CORPORATION** d/b/a **TARGET** (located at 10204 Two Notch Road, Columbia, SC 29229) (hereinafter referred to as Defendant), by and through her undersigned attorney, comes now to allege and show the Court by allegation the following:

1. Plaintiff was and is at all times relevant hereto a resident of the County of Richland, State of South Carolina.

2. Defendant, **TARGET CORPORATION** d/b/a **TARGET** (hereinafter "Defendant TARGET") is a corporation organized and existing under the laws of a state other than the State of South Carolina, more specifically the State of Minnesota. Defendant transacts significant business in the County of Richland, State of South Carolina and upon information and belief it is registered and licensed to do business in the aforementioned County and State.

3. This Court has jurisdiction over these matters based upon Article V of the South Carolina Constitution, S.C. Code Ann. §§ 36-2-802 and 36-2-803 (Law. Co-op 1976) and its plenary powers. Venue is proper as the most substantial part of the alleged act or omission giving rise to this lawsuit occurred in this venue.

## **GENERAL FACTUAL ALLEGATIONS FACTS**

4 .     On or about June 30, 2017, Plaintiff, an invitee, was shopping at the Target, located at 10204 Two Notch Road, Columbia, SC 29229.

5.     Plaintiff entered the store to make a purchase of car mats. As she neared the automotive section, she saw two (2) male Target employees, one on the right and one on the left side of the aisle with a cart to the right with supplies and the man on the left was dragging a box.  She walked between the men and slipped and fell to the tiled floor.

6.     While on the floor, her hands were wet from a substance. The box the man to the left was dragging was damaged and contained anti-freeze. The worker dragging the box left stated he would get a wet floor sign.

7.  Upon information and belief, when members of management reported to the scene of her fall they were advised by the workers that anti-freeze was the substance on the floor.

8.  Upon information and believe a white powdery substance was applied to the floor by a member of the store's maintenance department and a box of anti-freeze was set off to the side and placed into another box.

9.     Upon information and belief, Defendant was aware or should have been aware of the damage to the boxes they were unloading and therefore the potential for its contents to create a hazard to invitee of their establishment and therefore should have taken adequate measures to protect all invitees to include Plaintiff.

10.     By reason and in consequence of the aforesaid acts and/or omissions of the Defendant, Plaintiff sustained serious personal injuries: her injuries were of such a nature as to require her and will in the future require her to expend monies for hospitalizations, doctor's care and other medical necessities; she has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain and mental anguish; and such other and further particulars

ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965

as may be found through discovery or trial.

# **FOR A FIRST CAUSE OF ACTION**
## (Negligence)

11. Plaintiff incorporates all allegations of paragraphs 1 through 10 into this action.

12. Plaintiff was an invitee at the Target, having entered the premises upon a matter of advantage to the Defendants with an express or implied invitation with the Defendant's business, and therefore the Defendants owed Plaintiff a duty to keep its aisles and passageways in a reasonably safe condition.

13. On or about June 30, 2017, a hazard existed in Defendant's store in the form of a liquid on the floor believed to be antifreeze in the passageway of it's invitees.

14. The Defendants were aware of or should have been aware of a dangerous condition and did not take any action to minimize or avoid danger to Plaintiff, which constitutes clear and convincing evidence of negligence, gross negligence, recklessness, willfulness, and wantonness, including not limited to in the following particulars:

   A. Failing to maintain the premises;

   B. Failing to exercise due care;

   C. Failing to do what a reasonable person or entity would have done under the circumstances:

   D. Failing to monitor the aisles or passageways;

   E. Failing to warn Plaintiff;

   F. Failing to take actions to correct known problems; and

   G. Any other acts of negligence, carelessness, recklessness and gross negligence as the evidence gathered during discovery and presented at trial may show.

15. The Defendants' negligence, gross negligence, recklessness, willfulness and wantonness created a hazard which proximately caused Plaintiff to sustain serious personal injuries: her injuries were of such a nature as to require her and will in the future

ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965

require her to expend monies for hospitalizations, doctor's care and other medical necessities; she has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain and mental anguish; and such other and further particulars as may be found through discovery or trial.

16. Plaintiff had no knowledge or reason to suspect danger with regard to the concealed and latent danger contained on the premises. In addition, Plaintiff exercised ordinary and reasonable care at all times on her own behalf.

## **FOR A SECOND CAUSE OF ACTION**
## **Negligent Hiring/Retention/Supervision**

17. Plaintiff realleges and reincorporates Paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant and its agent/employees owed a duty to all invitees, including the Plaintiff, to exercise due care when hiring, training, retaining and supervising their employees.

19. Defendant breached its duty to Plaintiff by and through their negligent, grossly negligent, reckless, willful and wanton acts and/or omissions in one or more of the following particulars:

    a) In hiring employees/personnel/agents with known careless propensities in carrying out their work duties;

    b) In failing to properly train and/or supervise their employees/personnel/agents so as to ensure the safety of their invitees;

    c) In retaining an employee/agent with known careless propensities in the execution of their work duties ; and

    d) Overall, in failing to use the degree of care and caution that a reasonable

ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965

and prudent business would have used under the circumstances.

20.     As a direct and proximate result of Defendant's, breach of its duty to its invitees, including the Plaintiff, Plaintiff suffered great physical harm and injury, all of which has and will, in the future, cause Plaintiff to undergo much physical pain and suffering; has and will, in the future, cause Plaintiff to expend large sums of money for medical treatment and services: has and will, in the future, cause Plaintiff to suffer trauma, anxiety, annoyance, whole body impairment and inconvenience- all to Plaintiff's general damage and detriment.

**WHEREFORE**, Plaintiff prays as follows; (a) that the Plaintiff recover a judgment against TARGET CORPORATION iin an amount sufficient to compensate her for injuries and damages as described above; (d) that Plaintiff recover an amount of punitive damages as authorized by law; (c) that Plaintiff recover all costs associated with this action; and (d) that Plaintiff recover such other and further relief as the court may deem just and proper.

**SPANN WILDER LAW, LLC**
2131 Dorchester Road
P.O. Box 70488
N. Charleston, South Carolina 29415
(843) 266-7792
**tiffany@spannwilderlaw.com**
By:_/s/ Tiffany R. Spann-Wilder___
    **TIFFANY R. SPANN-WILDER**
    **Attorney for the Plaintiff**

N. Charleston, South Carolina
June 29, 2020

ELECTRONICALLY FILED - 2020 Jun 29 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002965