**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **Marilynn Woods Tucker,** | ) | **Case No.: 3:20-cv-03010-JMC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| **Target Corporation,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**TO:     THE PLAINTIFF AND HER ATTORNEY:**

**YOU WILL PLEASE TAKE NOTICE THAT** the Defendant Target, by and through its undersigned counsel, will move before the Court immediately, and does hereby so move, for an Order granting Summary Judgment in Defendant's favor. This motion is made pursuant to FED. R. CIV. P. 56 on the grounds that there are no issues of material fact and Defendant is entitled to judgment as a matter of law.

Because a full explanation of the motion as required by LOCAL CIV. RULE 7.05 (D.S.C.) is contained within this motion and a separate memorandum would serve no useful purpose, a separate memorandum of law does not accompany this Motion. *See* LOCAL CIV. RULE 7.04 (D.S.C.). Plaintiff has failed to make an adequate showing of the elements essential to her claims, so summary judgment in favor of the Defendant is necessary and proper. *Lowe v. Sporicidin Intern.*, 47 F.3d 124, 131 (4th Cir. 1995).

## NATURE OF THE CASE

This is a premises liability case arising from a slip-and-fall incident in Defendant's retail store in Columbia, South Carolina. This matter is before the District Court sitting in diversity jurisdiction.

## FACTUAL BACKGROUND

On June 30, 2017, Plaintiff was walking down the main aisle at Defendant's retail store in Columbia when she slipped and fell. She was wearing flip-flops at the time. Dep. Plaintiff 32:10-13 (9 April 2021) (Exhibit 1). As she was on the ground, Plaintiff felt "a clear yellowish-type substance" on the ground next to her. *Id*., 37:19-20.

## BASIS FOR SUMMARY JUDGMENT

Defendant moves for Summary Judgment because Plaintiff has failed to prove that Defendant created the condition on which she slipped, knew about it, or should have known about it. Thus, Plaintiff has not carried her burden of providing evidence under South Carolina law and the Defendant is entitled to summary judgment as a matter of law.

## LEGAL STANDARD

Summary judgment is a procedural device and, as a result, the federal summary judgment standard applies in diversity cases. *See Gen. Acc. Fire & Life Assur. Corp. v. Akzona, Inc.*, 622 F.2d 90, 93 (4th Cir. 1980). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

While a court ruling on a motion for summary judgment must view the evidence in the light most favorable to the non-moving party, the non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986*); Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991). Rather, the

non-moving party must "set forth specific facts" demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 248. "Mere unsupported speculation ...is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995); s*ee also Davis v. University of North Carolina*, 263 F.3d 95, 97 n. 1 (4th Cir. 2001) (*quoting Platt v. United States*, 185 F.3d 216 (4th Cir. 1999)) ("Summary judgment does not become disfavored simply because . . . there are *some* disputed facts. The essential question presented on a motion for summary judgment remains whether, in the absence of a genuine dispute over *material* facts, the moving party is entitled to judgment as a matter of law.").

## ARGUMENT

**1.     Summary judgment should be granted in Defendant's favor because Plaintiff has failed to prove that Target created the condition on which she fell or had actual or constructive notice of it.**

"To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001), internal citations omitted. Discovery in this matter closed on May 10, 2021. *See* Dkt. 10 ¶5. During the period allotted for discovery, Plaintiff has failed to establish that Target created the condition that caused her to fall, had actual notice of it, or had constructive notice of it.

Plaintiff has failed to show that this is a created condition case because she cannot prove the source of the liquid in which she slipped:

> Q. Do you know what caused that substance to be on the floor?
> A. No.
> …
> Q. You don't know who put it on the floor?

> A. No, sir.

Dep. Plaintiff 40:23-25; 69:11-12. She also cannot say what it was. *Id.* 41:1-2 ("Q. Do you know what that substance was? A. No.") Plaintiff was also unable to say that the source of the substance was a bottle she spotted on the other side of the aisle. *Id*. 89:9-13 ("Q…you cannot say that the substance you fell on in that floor came out of the bottle that you've now described on the other side of the aisle? A. No.")

Plaintiff has also failed to show that this is a constructive notice case:

> Q. Do you know how long that substance had been on the floor?
> A. No.
> …
> Q. You don't know how long the liquid had been in the floor?
> A. No, sir.

*Id*. 40:20-22; 69:8-10. "The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie v. Wal-Mart Stores, Inc.*, 302 S.C. 90, 91, 394 S.E.2d 24, 24–25 (Ct. App. 1990), internal citations omitted.

Plaintiff has also failed to show that Target had actual notice of the danger and failed to warn her of it. Indeed, when asked what Target did wrong, Plaintiff responded that "[t]here was a liquid on the floor…that caused me to fall." Dep. Plaintiff 69:1-3. She further expounded on her problematic perspective:

> Q. You just believe that if there is any liquid on the floor and you fall in it, that they're liable; is that my understanding?
> A. Yes.

*Id*. 69:13-16. Plaintiff's belief concerning fault is a misstatement of the law in South Carolina and not at all the jurisprudence conveyed by *Wintersteen* and its line of cases.

### 2. Summary judgment should also be granted because the condition on which Plaintiff fell was open and obvious.

"Reasonable care on the part of [a] possessor [of land] ... does not ordinarily require precautions, or even warning, against dangers which are known to [a] visitor, or so obvious to him that he may be expected to discover them." Restatement (Second) of Torts § 343A cmt. e (1965) (quoted in *Creech v. S.C. Wildlife and Marine Res. Dep't*, 328 S.C. 24, 31, 491 S.E.2d 571, 574 (1997)). "Under South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. In such situations, the guests themselves have a duty to discover and avoid the danger." *Green v. United States,* 105 F. App'x 515, 516 (4th Cir. 2004) (unpublished), *citing Neil v. Byrum*, 288 S.C. 472, 343 S.E.2d 615, 616 (S.C.1986). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore v. Carolina Power & Light*, 340 S.C. 438, 531 S.E.2d 535, 538 (Ct. App. 2000).

Because the substance was neither latent nor hidden, but rather open and obvious, summary judgment should be granted in Defendant's favor. *See Larimore v. Carolina Power & Light*, 340 S.C. 438, 445, 531 S.E.2d 535, 538 (Ct. App. 2000) ("The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge.")  Plaintiff has failed to prove that Defendant had "superior knowledge" of a dangerous or defective condition. Plaintiff has not identified anything that obscured, blocked, or otherwise prohibited her view of the liquid as she has described it. Plaintiff has presented no evidence that this area of the store was improperly lit or otherwise designed such that Plaintiff was unable to see the substance. She admitted the obvious nature of the substance:

> Q.  Now the floor – the aisleways in Target are white; aren't they?

      A. Yes.
      Q. And you described this liquid as yellow; correct?
      A. It was a clear yellowish.
      Q. Yellowish. Now if you were looking where you were walking, you should have noticed a yellowish colored substance on a white floor; don't you agree?
      A. Yes.

Dep. Plaintiff 69:17—70:1.

### 3. Summary judgment should be granted on the issue of punitive damages.

A total grant of summary judgment pursuant to Sections 1 and 2 of this Motion would be dispositive of the entire case. But should the Court not resolve the case on those grounds, summary judgment should be granted at least as to Plaintiff's claim for punitive damages.

Plaintiff's complaint includes a prayer for punitive damages. *See* Dkt. 1-1, p. 6. Punitive damages are available when "the defendant's conduct was so reckless, willful, wanton, or malicious that the defendant should be punished and deterred by requiring him or her to pay money to the plaintiff." *Clark v. Cantrell*, 339 S.C. 369, 529 S.E.2d 528, 534 (2000). "A tort is characterized as reckless, willful or wanton if it was committed in such a manner or under such circumstances that a person of ordinary reason and prudence would have been conscious of it as an invasion of the plaintiff's rights." *Taylor v. Medenica*, 324 S.C. 200, 479 S.E.2d 35, 46 (1996). "In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence." S.C. CODE ANN. § 15–33–135. "The test may also be satisfied by evidence of the causative violation of an applicable statute." *Id*. "However, before punitive damages may be submitted to the jury, there must be evidence the statutory violation proximately contributed to the injury." *Id*. "Ordinarily, whether or not the statutory violation contributed as a proximate cause to the injury is a question for the jury." *Id*.

Punitive damages, also known as exemplary damages, "are quasi-criminal in nature and are imposed to punish a wrongdoer and to deter like conduct." *Longshore v. Saber Sec. Servs.,*

*Inc.*, 365 S.C. 554, 564, 619 S.E.2d 5, 11 (Ct. App. 2005). There is no right to punitive damages. *Smith v. Wade*, 461 U.S. 30, 52 (1983) ("[A] key feature of punitive damages [is] that they are never awarded as of right, no matter how egregious the defendant's conduct.") The evidentiary record is completely devoid of any evidence of reckless, willful, wanton or malicious conduct on the part of Target and summary judgment should therefore be granted as to punitive damages.

## CONCLUSION

Because Plaintiff has not made an adequate showing that Target created the condition on which she fell or had actual or constructive notice thereof, summary judgment should be granted for Target. Moreover, due to the lack of evidence of punitive conduct, Defendant's motion for summary judgment as to punitive damages should likewise be granted.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Ryan C. Holt
Mark S. Barrow Fed. I.D. No. 1220
Ryan C. Holt Fed. I.D. No. 10736
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina

May 18, 2021