# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Marilynn Woods Tucker, | ) | Civil Action No.: 3:20-cv-03010-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Target Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to Defendant Target Corporation's ("Target") Motion for Summary Judgment. (ECF No. 13.) Target asserts that Plaintiff has failed to make an adequate showing of the elements essential to her claims, so summary judgment in its favor is necessary and proper. (*Id.* at 1.) For the reasons set forth below, the court **GRANTS** Target's Motion for Summary Judgment (ECF No. 13) and **DISMISSES** Plaintiff's claims for negligence and request for punitive damages.

## I.     RELEVANT BACKGROUND

This case arises from a slip and fall incident at a Target retail store in Columbia, South Carolina. (ECF No. 1-1 at 3.) In June 2017, while shopping for car mats at Target, Plaintiff slipped and fell on the tile floor. (*Id.*) The Complaint alleges that, while Plaintiff was on the ground, she noticed that her hands were wet with a substance she believed to be anti-freeze spilled by a nearby Target employee as he dragged a box across the floor. (*Id.*)

On June 29, 2020, Plaintiff filed her Complaint in the Court of Common Pleas in Richland County, South Carolina, alleging claims for negligence, and for negligent hiring, retention, and supervision. (ECF No. 1-1.) On August 20, 2020, Target removed the action based on this court's diversity jurisdiction. (ECF No. 1.) On May 18, 2021, Target filed a Motion for Summary

1

Judgment. (ECF No. 13.) Target contends that Plaintiff has failed to prove that Target created the condition on which she slipped, knew about the condition, or should have known about the condition. (*Id.* at 2.) Target also argues that summary judgment is appropriate because the condition allegedly causing Plaintiff's fall was open and obvious. (*Id.* at 5.) Plaintiff did not file a response to Target's Motion.[1]

## II.     JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a citizen and resident of Richland County, South Carolina, and Defendant is incorporated and has its principal place of business in the state of Minnesota. (ECF No. 1-1 at 2.) According to the Notice of Removal, the amount in controversy requirement is met based on Plaintiff's allegations that she suffered great physical harm and injury; has undergone physical pain and suffering; has and will continue to expend large sums of money for medical treatment and services; has suffered trauma, anxiety, annoyance, whole body impairment, and inconvenience resulting from this incident. (ECF No. 1 at 2.)

## III.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex*

---

[1] The court notes that Plaintiff's failure to respond does not automatically warrant judgment in favor of Target. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

*Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252.  The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

Of note, the failure to respond to a motion for summary judgment, "does not fulfill the burdens imposed on moving parties by Rule 56[,]" which requires that "the moving party establish in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law."" *Custer*, 12 F.3d at 416.  Therefore, in ruling on a motion for summary judgment a district court "must review the motion, even if unopposed, and determine from the facts it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*; *see also Cambridge Cap. Grp. v. Pill*, 20 F. App'x 121, 123 (4th Cir. 2001).

## IV.    ANALYSIS

Under South Carolina law, in order to prevail in a negligence action, a plaintiff must show: "(1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered injury or damages." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 656 (S.C. 2006).  To recover damages in a premises liability case, "the plaintiff must show either (1) that the injury was caused by a specific act of the defendant

3

which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729–30 (S.C. 2001) (citing *Anderson v. Racetrac Petroleum Inc.*, 371 S.E.2d 530 (S.C. 1988); *Pennington v. Zayre Corp.*, 165 S.E.2d 695 (S.C. 1969); *Hunter v. Dixie Home Stores*, 101 S.E.2d 262 (S.C. 1957)). "In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Id.* (collecting cases).

The present record is devoid of any allegations or evidence that Target placed the yellow liquid on the floor or was aware of its presence. Instead, the excerpts from Plaintiff's deposition attached as exhibits to Target's Motion show that Plaintiff does not know what the substance was or where it came from. (ECF No. 13-1 at 3, 5.) Because there is no evidence in the record that Target placed the substance on the floor or had actual notice of its presence, Plaintiff must prove that Target had constructive notice of the substance on the floor in order to hold it liable for her injuries. Importantly, the mere fact that the liquid was located on the floor is insufficient to establish negligence. *See Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990) ("The mere fact that water was on the floor of the store and was within the field of vision of a nearby store employee at the time [the plaintiff] slipped upon it is not by itself enough evidence to charge Wal-Mart with negligence."). Rather, to establish constructive notice, Plaintiff must proffer evidence showing that the liquid had been present on the floor "for a sufficient length of time" such that Target should have discovered and removed it if it had been exercising ordinary care. *Id.* at 25.

Upon review, the court concludes that Plaintiff has also failed to establish that Target had constructive notice. In her deposition, Plaintiff testified that she did not know where the substance came from or how long it had been on the floor prior to her fall, (ECF No. 13-1 at 3, 5), and Plaintiff has not introduced any other evidence that could establish constructive notice. Because the record is devoid of such evidence, Plaintiff has failed to meet her legal burden of showing that the liquid had been on the floor for "a sufficient length of time [such] that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie*, 394 S.E.2d at 25; *see also Nolan v. Seawatch Plantation Master Ass'n, Inc.*, No. 4:10-cv-00501-RBH, 2011 WL 5878137, at *4 (D.S.C. Nov. 21, 2011) ("In sum, there is no evidence in the record to establish that Defendant created the hazardous condition, or had actual or constructive notice of the water on the floor at the time of the fall. Therefore, summary judgment should be granted in favor of Defendant."); *Daniels v. Food Lion, LLC*, No. 5:16-cv-00936-RBH, 2018 WL 5762081, at *7 (D.S.C. Nov. 2, 2018) (granting summary judgment based on the lack of evidence showing that the substance was on the floor through an act of the defendant, that the defendant was aware of the condition, or how long the condition existed before the incident). Therefore, summary judgment in favor of Target is appropriate on Plaintiff's negligence claim.[2]

Target also requests summary judgment as to Plaintiff's request for punitive damages. (ECF No. 13 at 6–7.) To establish punitive damages, South Carolina law requires Plaintiff to prove "by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights." *Mellen v. Lane*, 659 S.E.2d 236, 251 (S.C. Ct. App. 2008) (citing *Taylor v. Medenica*, 220, 479 S.E.2d 35, 46 (S.C. 1996); *Lister v. NationsBank of Delaware*,

---

[2] Because the court grants summary judgment based on its finding that no genuine issue of material fact exists as to Target's creation or notice of the dangerous condition, the court declines to address Target's argument regarding the open and obvious nature of the danger.

494 S.E.2d 449, 458 (S.C. Ct. App. 1997)). After careful review of the record, the court finds no evidence that Target engaged in willful, wanton, or reckless conduct. Accordingly, Target is entitled to summary judgment on Plaintiff's request for punitive damages.

Plaintiff also brings claims against Target for negligent hiring, supervision, and retention. (ECF No. 1-1 at 5–6.) Target's Motion for Summary Judgment does not seek specifically seek summary judgment as to these claims. Nonetheless, Plaintiff's failure to respond to Target's Motion for Summary Judgment suggests an abandonment of her claims. Federal Rule of Civil Procedure 56(f) authorizes the court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute" and providing a reasonable time for the parties to respond. Thus, pursuant to Rule 56(f), if the parties wish to submit briefs, motions, or evidence to the court identifying a genuine issue of material fact as to Plaintiff's negligent hiring, supervision, or retention claims, they have fourteen (14) days to submit such filings.

## V.     CONCLUSION

Based upon the foregoing, the court **GRANTS** Target's Motion for Summary Judgment and **DISMISSES** Plaintiff's claims for negligence and punitive damages. (ECF No. 13.) The court directs the parties to submit any filings related to Plaintiff's remaining claims as set forth above within fourteen (14) days of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 23, 2022
Columbia, South Carolina