# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| **Marilynn Woods Tucker,** | ) | **Case No.: 3:20-cv-03010-JMC** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **RECONSIDERATION and/or VACATE** |
| | ) | **AS TO THE ORDER AND OPINION TO** |
| **Target Corporation,** | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff, by and through her undersigned counsel of record, hereby moves and respectfully requests that this Court reconsider the Order and Opinion (ECF No. 16) and allow the Plaintiff to respond to Defendant's Motion for Summary Judgment and to allow Plaintiff's counsel to respond and to be heard regarding same.

## I. RELEVANT BACKGROUND

This case arises from a slip and fall incident at a Target retail store in Columbia, South Carolina. (ECF No. 1-1 at 3.) On June 30, 2017, while shopping for car mats at Target, Plaintiff slipped and fell on the tile floor. (*Id.*) The Complaint alleges that, while Plaintiff was on the ground, she noticed that her hands were wet with a substance she believed to be anti-freeze spilled by a nearby Target employee as he dragged a box across the floor. (*Id.*)

On June 29, 2020, Plaintiff filed her Complaint in the Court of Common Pleas in Richland County, South Carolina, alleging claims for negligence, and for negligent hiring, retention, and supervision. (ECF No. 1-1.) On August 20, 2020, Target removed the action based on this court's diversity jurisdiction. (ECF No. 1.) On May 18, 2021, Target filed a Motion for Summary Judgment. (ECF No. 13.) Target contends that Plaintiff has failed to prove that Target created the condition on which she slipped, knew about the condition, or should have known about the condition. (*Id.* at 2.) Target also argues that summary judgment is appropriate because the condition allegedly causing

Plaintiff's fall was open and obvious. (*Id.* at 5.) Plaintiff was not aware of the filing and thus did not did not file a response to Target's Motion and the court granted Target's Motion for Summary Judgment (ECF No. 16) and dismissed Plaintiff's claims for negligence and request for punitive damages.

### II. BASIS FOR RECONSIDERATION AND/OR TO VACATE ORDER AND OPINION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

Plaintiff's counsel respectfully requests that this Court reconsider its ruling and vacate the Order and Opinion (ECF No. 16) granting Target's Motion for Summary Judgment (ECF No. 13) and allow Plaintiff to respond to Target's Motion for Summary Judgment due to Plaintiff's counsel not receiving notice of Target's Motion.

In support of Plaintiff's request, are copies of emails and other correspondence containing requests to Target's counsel to add Plaintiff's counsel's paralegal to all emails and correspondence, correspondence reflecting Federal Court electronic filing notifications to incorrect email address, correspondence reflecting complications with accessing Plaintiff's counsel's PACER account and other correspondence from this Court which Plaintiff's counsel did not receive or respond.

> Plaintiff's Exhibit 1 - 4/8/21 email to paralegal for Target's counsel advising the proper paralegal on the file (Kristen Beck) and to copy Plaintiff's counsel's paralegal on all communication
>
> Plaintiff's Exhibit 2 – 5/27/21 email from Plaintiff's counsel's firm advising of the proper paralegal on the file (Kristen Beck)
>
> Plaintiff's Exhibit 3 – 6/8/21 email from Court and Target's counsel sent to incorrect paralegal and with no response from Plaintiff's counsel due to Plaintiff's staff, no longer with the Plaintiff's firm, forwarding to incorrect Paralegal and not to Plaintiff's counsel
>
> Plaintiff's Exhibit 4 - 7/30/21 email referencing ECF No. 15 going to incorrect email address
>
> Plaintiff's Exhibit 5 – 7/30/21 email from psc.uscourts.gov error validating account wherein Plaintiff's counsel's paralegal entered Plaintiff's counsel's correct email address and payment to access electronic filing in order to print and access all filings in this matter
>
> Plaintiff's Exhibit 6 – 8/2/2021 correspondence from PACER confirming Plaintiff's counsel attempt to activate search capabilities
>
> Plaintiff's Exhibit 7 – Counsel's South Carolina State AIS registration

While Plaintiff's counsel has been admitted to Federal practice since 1999, she has not practiced in this Court actively. Trial work has been in State Common Pleas Court and in Administrative Law Courts. When Plaintiff's counsel created her account, she was a Federal Law Clerk and assigned a personal email account. Further, with the E-filing requirement in State Court, her primary county, Charleston, in late October 2019, it was assumed that all electronic filing information matched the AIS system (See Exhibit7). It was not until July 2021 that an email was discovered in counsel's junk mail file of the comcast email account (See Exhibit 4). The comcast email account is not used for any business dealings it is an account used for advertisements and miscellaneous matters.

This case is the first matter wherein Plaintiff's counsel is listed as the principal attorney in Federal Court and while it is erroneous to have presumed that the AIS data would be the same in both Federal and State Courts, counsel did not check for the data until discovering the comcast email (ECF No. 15). Plaintiff's counsel has never ignored a filing in any Court.

This mistake is excusable neglect. As an active Magistrate Judge in Charleston County, Plaintiff's counsel has paralegals in place to assist with emails in order to monitor and calendar e-filings and other court matters. Further, as an active Magistrate Judge counsel would never dishonor a court by not actively participating in the judicial process. Accordingly, with not having this information coupled with PACER complications (Exhibit 6), Target's Motion for Summary Judgment bypassed both Plaintiff's counsel and counsel's paralegal and as such counsel is seeking the mercy of this Court and request that the Order and Opinion be vacated and Plaintiff be allowed thirty (30) days to respond to said Motion.

WHEREFORE, the Plaintiff respectfully requests that the Court reconsider its ruling and vacate the Order and Opinion (ECF No. 16) granting Target's Motion for Summary Judgment (ECF No. 13) and allow Plaintiff to respond to Target's Motion for Summary Judgment.

Respectfully submitted,

**SPANN WILDER LAW, LLC**

BY:   /s/Tiffany R. Spann-Wilder
Tiffany R. Spann-Wilder, Esquire (Federal #7259)
2131 Dorchester Road
PO Box 70488
North Charleston, South Carolina 29418
(843) 266-7792 office/ (843) 266-7797 facsimile

Attorney for Plaintiff

March 10, 2022

North Charleston, South Carolina